E-FILED
Wednesday, 11 January, 2023  11:37:58 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN CUSTER, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )   No.: 22-cv-1460-JBM |
| | ) |
| KEVIN LYONS, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding *pro se* and detained at the Peoria County Jail ("Jail"), asserts an action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

Plaintiff sued Defendants Kevin Lyons (Peoria County Judge), Sean Donahue (Peoria County Judge), Jodi Hoos (Peoria County State's Attorney), D.A. Shelly (prosecutor), Hugh Toner (public defender), and Glancey (public defender) alleging that they violated his civil rights during ongoing state court proceedings in Peoria County criminal case number 21- CR-00233-1. Plaintiff states that he was charged with aggravated battery in April 2021, but he was "set up" and is being denied a fair trial. (Doc. 1 at 7).

1

The Court cannot discern any federal claim from Plaintiff's allegations. Even if a federal claim could be stated, Judges Lyons and Donahue, Peoria County State's Attorney Hoos, and Assistant Attorney Shelly are immune from this lawsuit. *Srivastava v. Newman*, 12 F. App'x 369, 373 (7th Cir. 2001) (citing *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000)). Additionally, Plaintiff cannot sue public defenders Toner and Glancey under § 1983 because they are not acting "under color of state law in exercising [their] professional judgment in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981); *Srivastava*, 12 F. App'x at 373.

According to online court records in case number 21- CR-00233-1, a jury trial is scheduled for February 14, 2023. Because Plaintiff's state proceedings are still pending, the Court must undertake an abstention analysis. Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must abstain from interfering in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002).

The *Younger* abstention doctrine is implicated here. Plaintiff's state proceedings are judicial in nature and involve the important state interest of adjudicating violations of state criminal laws. Further, there is no indication that the state proceedings would not provide Plaintiff with an adequate opportunity for review of any constitutional claims. Finally, no extraordinary circumstances are apparent which would require federal intervention.

At this point, it is not even clear that Plaintiff possesses a claim upon which relief can be granted. Plaintiff may be attempting to allege a malicious prosecution claim, but in order to state such a claim, he must show that the proceeding terminated in his favor. *Washington v. Summerville*, 127 F.3d 552, 557 (7th Cir. 1997). Plaintiff cannot make such a showing at this point

because his criminal proceedings are ongoing. Accordingly, the Court refuses to become involved in Plaintiff's state court criminal proceedings and further finds that his complaint fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED:**

1)      Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon with relief can be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any attempt by Plaintiff to amend his complaint would be futile.

2)      The Clerk is directed to enter Judgment and close this case. This dismissal shall count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the district's three-strike log.

3)      Based on the dismissal of this case, Plaintiff's Motion to Request Counsel [4] is MOOT.

4)      Plaintiff must still pay the full filing fee of $350.00 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior Order. (See d/e 12/29/2022).

5)      If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).

6)      If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)

3

(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED:  1/11/2023

s/ Joe Billy McDade
Joe Billy McDade
United States District Judge